J-S33015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.C.-F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.P. | : | No. 843 MDA 2018 |

Appeal from the Order Dated March 28, 2018
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2017-CV-3925-CU

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 08, 2019**

M.C.-F. (Father) appeals *pro se* from the trial court's "Parenting Plan" order setting forth an agreement between Father and Appellee M.P. (Mother) with regard to their physical and legal custodial responsibilities of their minor son, M.C.F., Jr. (Child) (born 9/2013).  We affirm.

In January 2018, Father filed a petition to modify the parties' existing custody order.  On March 23, 2018, in accordance with Pa.R.C.P. 1915.4-3 and in response to Father's petition, a non-record custody conference was held before Custody Conference Officer Jennifer Lehman, Esquire.  Both Father and Mother participated in the proceeding.   At the conclusion of the conference, the officer entered a proposed custody order that was subsequently forwarded to the trial judge, the Honorable Jeannine Turgeon.  **See** Pa.R.C.P. 1915.4-2(d)(4).  The order reflected the following agreement between the parties:

ORDER OF COURT - PARENTING PLAN

AND NOW, this 28 day of March, 2018, M[.]C[.] (Father) and M[.]P[.] (Mother) together with counsel Patrick Daniels, Esquire for Mother having appeared[] for a custody conference on March 23, 2018[,] before Jennifer L. Lehman, Esquire[,] **and having reached an agreement** regarding the above-captioned parents' physical and legal custodial responsibilities of M[.]C[.] (DOB 09/2013[),] hereinafter referred to as "child[,]" it is hereby ORDERED and DECREED in the child's best interests that the "Parenting Plan" shall be as follows:

THE ORDERS OF JULY 5, 2017 AND OCTOBER 31, 2017 ARE AMENDED AS FOLLOWS:

1. Father will call the child between 1:00 pm and 2:00 pm on Saturdays. On sporadic occasions when either parent is unavailable for this call, Father will then call on Sunday between 1:00 pm and 2:00 pm.

2. If Paternal Grandparents have something they want the child to have, Father will tell Mother on the weekend. Mother will then call Grandparents and make arrangements to get the items from Grandparents within two weeks.

3. Mother will take a drug test upon written request from Father. Father will pay for the test and make arrangements with a local lab. Mother will sign a release authorizing the lab to provide the test results to Father.

4. All other provisions of the Orders of Court dated July 5, 2017 and October 31, 2017 shall remain in effect.

Order of Court, 3/28/18 (emphasis added). Judge Turgeon signed the recommended order; Father failed to file any objections or exceptions to the order.

On appeal, Father's one-page argument claims the trial court "denied [him his] visitation rights[,] failed to consider the [appropriate] standards [for] visitation . . . in light of the fact that Mother . . . was found . . . to be in

- 2 -

contempt of the court by not honoring the agreement agreed upon on June 26, 2017."[1]  Appellant's Brief, at 6.

Before we reach the merits of Father's appeal, we must address a procedural hurdle that may prevent this Court from reviewing Father's issues. Although Father filed a timely notice of appeal from the trial court's March 28, 2018 order, he failed to comply with Pa.R.A.P. 1925(a)(2),[2] which requires an appellant, in a children's fast track appeal,[3] file and serve a concise statement of errors complained of on appeal with his notice of appeal, as required by Pa.R.A.P. 905(a)(2).  Instantly, Father failed to file a contemporaneous Rule 1925(a)(2) statement with his notice of appeal in the trial court.  Our Court recognized this procedural deficiency and entered an order with the following directives:

---

[1] On November 30, 2017, the trial court found Mother in contempt for failing to abide by a prior custody order that required her to attend a "Families in Change and Conflict" seminar, sending Father photographs of Child, and not initiating phone calls between Father and Child.  As a result, Mother was sentenced to six months' imprisonment with eligibility for work release.  Order, 11/30/17.

[2] Unlike Pa.R.A.P. 1925(b) where "judge *may* enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal," an appellant "shall" file a concise statement under Rule 1925(a)(2) with the notice of appeal.  **See** Pa.R.A.P. 1925(a)(2)(i).

[3] **See** Pa.R.A.P. 102 (defining Children's fast track appeal as "[a]ny appeal from an order involving dependency, termination of parental rights, adoptions, custody or paternity.").  **See** 42 Pa.C.S. §§ 6301 *et seq*.; 23 Pa.C.S. §§ 2511 *et seq*.; 23 Pa.C.S. §§ 2101 *et seq*.; 23 Pa.C.S. §§ 5301 *et seq*.; 23 Pa.C.S. §§ 5102 *et seq*.

- [By **July 20, 2018**, Father is t]o file a [s]tatement of errors complained of on appeal pursuant to Pa.R.A.P. 1925 in the trial court,

- [Father shall] serve the Statement on the trial judge and other parties, and

- [Father shall] file a copy of the Statement with the Prothonotary of the Superior Court.

- **Any issue not properly included in the Statement timely filed and served shall be deemed waived.**

Order, 7/12/18 (emphasis in original and added). ***See*** Pa.R.C.P. 1925(c)(2).

The record reflects that Father filed a Rule 1925 Statement with our Court on July 23, 2018 – three days *after* the mandated filing date in our Court's July 12, 2018 order. Moreover, there is no evidence that Father timely filed and served the Statement on the trial judge as directed by our order. Thus, in accordance with the dictates of Rule 1925 and our Court order, we find Father's claims waived on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii). ***See also In re: K.T.E.L.***, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that failure of appellant in children's fast track case to file contemporaneous concise statement and notice of appeal pursuant to rules 905(a)(2) and 1925(a)(2) results in defective notice of appeal).[4]

---

[4] We recognize that disposition of "the defective notice of appeal" when an appellant fails to file a timely Rule 1925(a)(2) statement shall "be decided on a case by case basis." ***K.T.E.L.***, 983 A.2d at 747. However, here Father was given ample opportunity to file his statement in the trial court and failed to do so. ***Cf. id.*** (where appellant-mother filed her statement only three days after notice of appeal, Court declined to dismiss or quash the appeal). We also note that our Court was more than generous in offering him the opportunity to file the Statement *nunc pro tunc* without Father first applying and showing good

- 4 -

Order affirmed.[5]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/08/2019

---

cause as to why our Court should grant him such relief. **See** Pa.R.A.P. 1925(c)(2).

[5] Even if we were able to reach the merits of Father's appeal, we agree with the trial court that Father should have sought to vacate the March 28, 2019 order if he had objections to the terms of the parties' agreement.